## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

COMPRESSOR ENGINEERING
CORPORATION, a Michigan
corporation, individually and as the
representative of a class of similarly-
situated persons,

                Plaintiff,

                v.

COMFORT CONTROL SUPPLY
CO., INC. d/b/a JOHNSTONE
SUPPLY, CHESTER LIMITED
INC., Michigan corporations,
CHESTER LIMITED IV, LLC, a
Michigan limited liability company,
and JOHN DOES 1-10,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.: 2:16-11726

**CLASS ACTION**

Hon. Nancy G. Edmunds

## PLAINTIFF'S "PLACEHOLDER" MOTION FOR CLASS CERTIFICATION AND BRIEF IN SUPPORT

Plaintiff, Central Alarm Signal, Inc., files this "placeholder" motion for class certification in order to prevent against a "buy-off" attempt, a tactic class-action defendants sometimes use to attempt to prevent a case from proceeding to a decision on class certification by attempting to "moot" the named plaintiff's claims by tendering the plaintiff individual (but not classwide) relief. Plaintiff submits the attached brief in support.

Respectfully submitted,

COMPRESSOR ENGINEERING
CORPORATION, a Michigan corporation,
individually and as the representative of a
class of similarly-situated persons

By: s/Brian J. Wanca
Brian J. Wanca
Ryan M. Kelly
Ross M. Good
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500
Fax:  847-368-1501
bwanca@andersonwanca.com
rkelly@andersonwanca.com

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

COMPRESSOR ENGINEERING
CORPORATION, a Michigan )
corporation, individually and as the )
representative of a class of similarly- )
situated persons, )                      Civil Action No.: 2:16-11726
                                      )
                   Plaintiff,         )          **CLASS ACTION**
                                      )
         v.                           )
                                      )
COMFORT CONTROL SUPPLY                )
CO., INC. d/b/a JOHNSTONE             )
SUPPLY, CHESTER LIMITED              )
INC., Michigan corporations,         )
CHESTER LIMITED IV, LLC, a           )
Michigan limited liability company,  )
and JOHN DOES 1-10,                  )
                                      )
                   Defendants.        )

## BRIEF IN SUPPORT OF PLAINTIFF'S
## "PLACEHOLDER" MOTION FOR CLASS CERTIFICATION

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Whether the Court should allow Plaintiff to keep a motion for class certification on file in order to protect against any attempt by Defendant to "pick-off" its individual claims in order to "moot" the case before the Court can decide the issue of class certification.

## CONCISE STATEMENT OF REASONS TO ALLOW MOTION TO STAND

In *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016), the Supreme Court held "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," and "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." The Sixth Circuit applied *Campbell-Ewald* in an unreported opinion in *Family Health Chiropractic, Inc. v. MD On-Line Sols., Inc.*, No. 15-3508, 2016 WL 384823, at *1 (6th Cir. Feb. 2, 2016).

Nevertheless, following *Campbell-Ewald*, defendants in some class actions have begun trying to find alternative ways to "pick off" the named plaintiff's claims other than an offer of judgment, such as seeking leave to deposit funds with the court. The Sixth Circuit held in a pair of cases long before *Campbell-Ewald* that where there "was no motion for certification pending when the [defendant] made its settlement offer" and the plaintiffs accepted the offer, the plaintiffs could not pursue class certification, *Brunet v. City of Columbus*, 1 F.3d 390, 400 (6th Cir. 1993), but that "where a settlement offer is made to a named plaintiff while a motion for class certification is pending" and the plaintiff refuses the offer, the plaintiff retains standing to pursue class certification, *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625 (6th Cir. 2005).

Thus, in order to protect against any alternative pick-off attempt following *Campbell-Ewald*, Plaintiff seeks to maintain this "placeholder" motion for class certification. *See Charvat v. Nat'l Holdings Corp.*, No. 2:14-CV-2205, 2015 WL 3407657, at *8 (S.D. Ohio May 26, 2015) (holding "placeholder" motion unnecessary but "if the timing of Plaintiff's motion for class certification is the dispositive factor, the Court notes that such a motion was pending at the time Defendant served the Offer").

# **SUPPORTING AUTHORITY**

**Cases:**

*Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016)

*Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620 (6th Cir. 2005)

*Brunet v. City of Columbus,* 1 F.3d 390 (6th Cir. 1993)

## Argument

**I.     The Court should allow this motion to remain "pending" to protect the putative class against any attempt to escape class certification by buying off the named Plaintiff.**

In *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016), the Supreme Court held in a class action under the Telephone Consumer Protection Act of 1991 ("TCPA"), like this case, that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," and "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." The Supreme Court refused to "place the defendant in the driver's seat" on the issue of class certification by allowing it to pay a nominal sum to the named plaintiff "to avoid a potential adverse decision, one that could expose it to damages a thousand-fold larger than the bid [the plaintiff] declined to accept." *Id.* The Sixth Circuit applied *Campbell-Ewald* in an unreported opinion in *Family Health Chiropractic, Inc. v. MD On-Line Sols., Inc.*, No. 15-3508, 2016 WL 384823, at *1 (6th Cir. Feb. 2, 2016), affirming a denial of a motion to dismiss a putative TCPA class action based on mootness.

Nevertheless, in the wake of *Campbell-Ewald*, defendants in some class actions have begun trying to find alternative ways to "pick off" the named plaintiff's claims other than an offer of judgment, such as seeking leave to deposit funds with the court. These attempts have thus far been unsuccessful. *See Brady v.*

*Basic Research, LLC*, --- F.R.D. ---, 2016 WL 462916, at *1–2 (E.D.N.Y. Feb. 3, 2016) (denying motion to deposit funds to moot plaintiff's claim in consumer-fraud action as improper purpose under Rule 67 and violation of "fair opportunity" standard in *Campbell-Ewald*); *Bais Yaakov of Spring Valley v. Varitronics, LLC*, 2016 WL 806703, at *1 (D. Minn. Mar. 1, 2016) (same in TCPA fax class action); *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016) (same).

Still, out of an abundance of caution, Plaintiff seeks to maintain this "placeholder" motion to protect against any alternative pick-off attempt. The Sixth Circuit held long before *Campbell-Ewald* that where there "was no motion for certification pending when the [defendant] made its settlement offer" and the plaintiffs accepted the offer, the plaintiffs could not pursue class certification, *Brunet v. City of Columbus*, 1 F.3d 390, 400 (6th Cir. 1993), but that "where a settlement offer is made to a named plaintiff while a motion for class certification is pending" and the plaintiff refuses the offer, the plaintiff retains standing to pursue class certification, even if the plaintiff's individual claim is technically "moot," *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625 (6th Cir. 2005). The Sixth Circuit reasoned that "[i]f a tender made to the individual plaintiff while the motion for certification is pending could prevent the courts from ever reaching the class action issues, that opportunity is at the mercy of a

defendant, even in cases where a class action would be most clearly appropriate." *Id.* (quoting *Brunet*, 1 F.3d at 400).

In *Charvat v. Nat'l Holdings Corp.*, 2015 WL 3407657, at *1 (S.D. Ohio May 26, 2015), the plaintiff filed a putative TCPA class action and, along with the complaint, "filed a motion to certify class and to stay briefing pending completion of discovery." The defendant made a pick-off offer of judgment and moved to dismiss, and the court denied the motion. The court held that "[o]nce Plaintiff sought class action relief in his complaint, the filing of a placeholder motion along with the complaint should have no bearing on the Court's ability to adjudicate this case," but it also discussed *Brunet* and *Carroll* and held "*if* the timing of Plaintiff's motion for class certification is the dispositive factor, the Court notes that such a motion was pending at the time Defendant served the Offer." *Id.* (emphasis added).

In this case, Plaintiff seeks to maintain this placeholder motion for the same back-up protection the plaintiff enjoyed in *Charvat*. And like the plaintiff in that case, Plaintiff asks the Court to "stay briefing pending completion of discovery."

## II.     The elements for class certification are met.

### A.     Proposed Class Definition.

Plaintiff proposes the following class definition:

All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, and (3) which

3

Defendants did not have prior express permission or invitation, or (4) which did not display a proper opt-out notice.

A class of persons "sent" faxes is defined by "objective" criteria and thus "ascertainable." *Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 545 (6th Cir. 2014); *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 525 (6th Cir. 2015) (class of persons who "purchased" product was ascertainable). Defendants sent Plaintiff and others standardized form advertisements.  Plaintiff anticipates the proposed class definition will change after discovery defines the precise contours of the class and the advertisements that were sent.  Plaintiff requests leave to submit a brief and other evidence in support of this Motion after discovery about the class elements.

### B.    Numerosity.

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least 40. Individual joinder of absent class members is impracticable.

### C.    Commonality.

Rule 23(a) requires "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Commonality requires "only one common question to certify a class." *In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, 722 F.3d 838, 853 (6th Cir. 2013); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th

Cir. 1996) (explaining test is qualitative, not quantitative, and "there need be only a single issue common to all members of the class"); *Kinder v. Northwestern Bank*, 278 F.R.D. 176, 183 (W.D. Mich 2011).  Here, commonality is met because the Defendants engaged in a general policy that is the focus of the litigation by faxing form advertisements to persons on a list generated by Defendants and/or a third party and did not obtain prior express invitation or permission to send Defendants' advertisement by fax and failed to include the proper opt-out notice required by federal law and regulations.  *See* 47 C.F.R. § 64.1200(a)(4)(ii)–(iv).

### D. **Typicality**.

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims and the other proposed class members' claims all arise from Defendant's fax campaign.  Thus, all class member claims' arise from the same transaction or occurrence.

### E. **Adequacy of Representation**.

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  There is no antagonism between the interests of Plaintiff and those of the other class members.  Plaintiff's counsel are experienced lawyers and they are adequate counsel for the class.

### F.   __Predominance__.

Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions.  As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute.  Common fact issues also predominate.

### G.   __Superiority__.

Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims.  Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997).

### __Conclusion__

Plaintiff respectfully requests the Court allow this "placeholder" motion for class certification to remain pending to protect against any alternative pick-off attempt following the Supreme Court's decision in *Campbell-Ewald*. The proposed class meets the requirements of Rules 23(a), (b)(3) and (g).  Plaintiff requests that, following discovery and further briefing, the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel.  Plaintiff will file its memorandum of law in support of its Motion after

Rule 23 discovery has been completed.  The parties need to meet and confer and propose a discovery schedule with this Court and Plaintiff respectfully requests a status conference with the Court as soon as practicable to set a discovery schedule on Plaintiff's Rule 23 Motion.

Respectfully submitted,

COMPRESSOR ENGINEERING
CORPORATION, a Michigan corporation,
individually and as the representative of a
class of similarly-situated persons

By: s/Brian J. Wanca
       Brian J. Wanca

Brian J. Wanca
Ryan M. Kelly
Ross M. Good
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500
Fax:  847-368-1501

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 16, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and a copy will be served upon Defendant(s) along with the Summons and Complaint.


s/ Brian J. Wanca