UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPRESSOR ENGINEERING
CORPORATION, a Michigan
corporation, individually and as the
representative of a class of similarly
situated
persons,

    Plaintiff,

v.

COMFORT CONTROL SUPPLY
CO., INC. d/b/a JOHNSTONE
SUPPLY, CHESTER LIMITED
INC., Michigan corporations,
CHESTER LIMITED IV, LLC, a
Michigan limited liability company,
and JOHN DOES 1-10,

    Defendants.
_____/

Case No. 16-cv-11726

Honorable Nancy G. Edmunds

Magistrate Judge Stephanie Dawkins Davis

**RESPONSE IN OPPOSITION TO PLAINTIFF'S
"PLACEHOLDER" MOTION FOR CLASS CERTIFICATION
BY DEFENDANTS CHESTER LIMITED INC.
<u>AND CHESTER LIMITED IV, LLC</u>**

# **TABLE OF CONTENTS**

Controlling or Most Appropriate Authority ............................................................. iii

Statement of the Issues Presented ........................................................................... iv

Introduction and Statement of Facts .........................................................................1

Standard of Review ...................................................................................................2

Legal Argument ........................................................................................................3

   I.   Compressor Provides None of the Required Evidentiary Support for Its Placeholder Motion for Class Certification .......................................................3

   II.   The Placeholder Motion is Based on Speculation and Outdated Case Law ...................................................................................................5

Conclusion ................................................................................................................8

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

## Cases

*Campbell-Ewald v. Gomez,* 136 S. Ct. 663; 193 L. Ed. 2d 571 (2016).....................6

*Comcast Corp. v. Behrend*, 133 S.Ct. 1426 (2013) ...............................................2, 3

*Haight v. Bluestem Brands, Inc.*, No. 13-CV-1400,
   2013 U.S. Dist. LEXIS 179885 (M.D. Fla. Sept. 26, 2013) ..................................6

*In re American Medical Sys., Inc.*, 75 F.3d 1069 (6th Cir. 1996) .............................2

*Madison v. Chalmette Refining, LLC*, 637 F.3d 551 (5th Cir. 2011) ........................4

*Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011) ....................2

*Reeb v. Ohio Dept. of Rehabilitation and Correction*,
   435 F.3d 639 (6th Cir. 2006)................................................................................4

*Vinny's Landscaping, Inc. v. United Auto Credit Corp.*,
   2016 U.S. Dist. LEXIS 9307 ( E.D. Mich. Jan. 27, 2016).....................................6

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541,
   180 L. Ed. 2d 374 (2011)......................................................................................2

*Walters v. Drive Solutions, LLC*, 2016 U.S. Dist. LEXIS 9840
   (S.D. Ind. Jan. 28, 2016).......................................................................................7

## Rules

FED. R. CIV. P. 23 .......................................................................................................2

# STATEMENT OF THE ISSUES PRESENTED

**Issue #1:**

Federal Rule of Civil Procedure 23 requires: (1) evidentiary proof establishing each of the four prerequisites under Rule 23(a), and (2) the prerequisites of one of the three types of class actions provided for by Rule 23(b). There has been no discovery in this month-old lawsuit regarding the propriety of class certification, and Compressor Engineering Corporation ("Compressor") has not presented any evidentiary proof for any prerequisite under Rule 23. Should Compressor's "Placeholder" Motion for Class Certification be denied?

**Issue #2:**

There is neither a procedural rule nor any Sixth Circuit authority that allows filing of premature, "placeholder motions." And, the stated justification for filing the premature, placeholder motion is to address the potential mooting of the class representative's claim through an offer of judgment. However, the Supreme Court has held that an unaccepted offer of judgment will not moot a putative class action. Should Compressor's "Placeholder" Motion for Class Certification be denied for this additional reason?

## INTRODUCTION AND STATEMENT OF FACTS

In this TCPA suit, the plaintiff, Compressor Engineering Corporation ("Compressor") complains that it received on a single occasion a two-page fax from Johnstone Supply.  Complaint, Exhibit A (Doc. #1-1).  Having allegedly received this fax, Compressor (represented by prolific TCPA plaintiff lawyers), saw an opportunity and filed a purported federal class action against three separate, unrelated defendants based on this single fax.[1]  *On the same day* it filed its purported class action complaint ("Complaint"), Compressor also filed its self-styled "'Placeholder' Motion for Class Certification and Brief in Support."[2]  Doc. #8 (the "Placeholder Motion").

By its own terms, that filing is intended only as a "placeholder" for some future motion that Compressor may file.  In the Placeholder Motion, Compressor acknowledges that it is not only premature as a matter of law, but that Compressor lacks the required factual basis to support the Placeholder Motion.  Notably, on numerous occasions in the Placeholder Motion Compressor asks the Court to stay further briefing until after discovery has been conducted, and "requests leave to submit a brief and other evidence in support of this Motion after discovery about

---

[1] Compressor has since agreed to voluntarily dismiss Defendant Comfort Control Supply Co., Inc.  Doc. # 9.

[2] The Placeholder Motion misidentifies the plaintiff as "Central Alarm Signal, Inc."  Doc. # 8 (Pg ID 33).

the class elements." Doc. No. 8 at 3, 4 (Pg ID 42, 43). On its face, the Placeholder Motion is premature and inadequate, and must be denied.

## STANDARD OF REVIEW

"Class certification is governed by Federal Rule of Civil Procedure 23." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2548, 180 L. Ed. 2d 374 (2011). A "trial court has broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23." *In re American Medical Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996); *see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946 (6th Cir. 2011).

Before this Court may certify a class, Compressor must demonstrate that all the requirements of FED. R. CIV. P. 23(a) are satisfied, and that all of the requirements of one of the subsections of FED. R. CIV. P. 23(b) are satisfied. *See, e.g.*, *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013). However, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule — that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, *etc*." *Wal-Mart Stores, Inc.*, 131 S.Ct. at 2551. In determining whether the Rule 23 prerequisites are met, courts must conduct a "rigorous analysis" and may need to "probe behind the pleadings" before certifying

a class.  *Comcast*, 133 S.Ct. at 1432 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160-61 (1982)).

## LEGAL ARGUMENT

I.     **Compressor Provides None of the Required Evidentiary Support for Its Placeholder Motion for Class Certification**

"To obtain class certification, a claimant must satisfy two sets of requirements: (1) each of the four prerequisites under Rule 23(a), and (2) the prerequisites of one of the three types of class actions provided for by Rule 23(b).  A failure on either front dooms the class."  *Pilgrim*, 660 F.3d at 946.  The "party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23," and must do so through "evidentiary proof."  *Comcast*, 133 S.Ct. at 1432 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011)).  The Sixth Circuit has explained that "[m]ere repetition of the language of Rule 23(a) is not sufficient.  There must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled. Maintainability may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide . . .  The parties should be afforded an opportunity to present evidence on the maintainability of the class action." *In re American Medical Sys., Inc.*, 75 F.3d at 1079 (quoting *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974)).

The Supreme Court has recognized that it is often necessary for the court to "probe behind the pleadings before coming to rest on the certification question," and that certification is proper only if the trial court is satisfied, after a "*rigorous analysis*," that the prerequisites of Rule 23(a) have been satisfied. *Wal-Mart Stores, Inc.*, 131 S.Ct at 2552 (emphasis added). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Id.* Going beyond the pleadings is necessary because a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues. *Madison v. Chalmette Refining, LLC*, 637 F.3d 551, 555 (5th Cir. 2011); *Reeb v. Ohio Dept. of Rehabilitation and Correction*, 435 F.3d 639, 644-45 (6th Cir. 2006).

Compressor's Placeholder Motion is patently inadequate under these standards. First, there has been no discovery in this month-old lawsuit regarding the propriety of class certification, including with respect to the Rule 23(a) requirements of numerosity, commonality, typicality, or adequacy (under either Rule 23(a)(4) or (g)), or the Rule 23(b)(3) requirements of predominance and superiority. Nor has there been any discovery regarding the ascertainability of the putative class.

Second, the Placeholder Motion is unverified, unaccompanied by supporting affidavits or documents, and does not even purport to be made on personal knowledge. Plaintiff's filing offers, by design, only a "[m]ere repetition of the language of Rule 23" and cannot properly result in class certification under a "rigorous analysis." *In re American Medical Sys., Inc.*, 75 F.3d at 1079. Moreover, it alleges no *facts* (evidentiary or otherwise) to support certification, other than a statement that there are "at least 40" members of the purported class. Doc. #8 at 4 (Pg ID 43). In fact, Compressor, "anticipates the proposed class definition will change after discovery . . . ." Doc. #8 at 4 (pg ID 43) (emphasis added). As a result, the Placeholder Motion utterly fails to include any "evidentiary proof" as required for a class to be certified, and Compressor's Placeholder Motion must be denied as this Court has done before when faced with such a motion. *See*, *e.g.*, *Comcast*, 133 S.Ct. at 1432; *Vinny's Landscaping, Inc.*, 2016 U.S. Dist. LEXIS 9307.

## II. The Placeholder Motion is Based on Speculation and Outdated Case Law

Not only is Compressor's Placeholder Motion not based on evidentiary proof that the elements of Rule 23 can be met, it is designed to address a problem that no longer exists. Compressor attempts to justify its pseudo-motion as a means of avoiding the potential mooting of its claim through a Rule 68 offer of judgment. Compressor's justification is unavailing for two reasons.

First, the asserted justification is independent of the issue of whether the filing is proper. *See, See Vinny's Landscaping, Inc. v. United Auto Credit Corp.*, 2016 U.S. Dist. LEXIS 9307 ( E.D. Mich. Jan. 27, 2016) ("This Court shall deny Plaintiff's Motion for Class Certification without prejudice because the motion is premature and there is neither a procedural rule nor any Sixth Circuit authority that allows for the filing of such premature, 'placeholder motions.'") (attached as Exhibit A); *Haight v. Bluestem Brands, Inc.*, No. 13-CV-1400, 2013 U.S. Dist. LEXIS 179885 (M.D. Fla. Sept. 26, 2013) (denying similar "placeholder" motion for class certification filed in the hope of avoiding "an offer of judgment to [plaintiff] under Fed. R. Civ. P. 68 before a class is certified which, if accepted, might result in dismissal of this case as moot," but without "adequate facts and legal authority to support the motion consistently with the requirements of F<span>ED</span>. R. C<span>IV</span>. P. 11 and 23") (attached as Exhibit B). Just as in *Vinny's Landscaping*, there is neither a procedural rule nor any Sixth Circuit authority that allows for the filing of such premature, "placeholder motions." For this reason alone, it must be denied.

Second, as the Placeholder Motion acknowledges, the Supreme Court addressed this very issue in its favor. In *Campbell-Ewald v. Gomez*, the plaintiff filed a TCPA class action against the Campbell-Ewald Company ("Campbell") alleging that Campbell had violated the statute by sending him, and others, a text

message advertisement that he had not consented to receive. 136 S. Ct. 663; 193 L. Ed. 2d 571 (2016). Before the plaintiff filed a motion for class certification, Campbell made him an offer of judgment pursuant to Rule 68. The plaintiff did not accept the settlement offer. Thereafter, Campbell filed a motion to dismiss pursuant to Rule 12(b)(1) arguing that the plaintiff's claim was mooted because it had offered him complete relief under the statute. *Id*. Campbell argued that the putative class members' claims were also mooted because Gomez had not moved for class certification prior to his claim becoming moot. *Id.* The Supreme Court found that the case was not moot because of an unaccepted offer of judgment, grounding its holding in "basic principles of contract law". *Id*. at 670.

In short, Compressor's Placeholder Motion is nothing more than an attempt to address a potential issue that no longer exists. *See*, *e.g.*, *Walters v. Drive Solutions, LLC*, 2016 U.S. Dist. LEXIS 9840, 1-3 (S.D. Ind. Jan. 28, 2016) (the plaintiff's "concern that Defendants may moot his action is alleviated by *Campbell-Ewald*, so Walters' motion to suspend briefing [Filing No. 8] is denied.") (attached as Exhibit C). Compressor's citation to pre- *Campbell-Ewald* cases and recitation of speculative potential harms is unavailing. Because there is no procedural, factual, or legal basis for the Placeholder Motion, it must be denied.

## **CONCLUSION**

Putative class counsel in TCPA cases has made it a common practice to file premature and inadequate motions for class certification. This Court, in turn, has denied such premature and inadequate motions. Defendants Chester Limited Inc. and Chester Limited IV, LLC ask that the Court continue its practice, and deny Compressor's "Placeholder" Motion for Class Certification.

                                      Respectfully submitted,

                                      **KERR, RUSSELL AND WEBER, PLC**

                                      By:/s/*Matthew L. Powell*
                                          Edward C. Cutlip, Jr. (P35836)
                                          Matthew L. Powell (P69186)
                                      Detroit Center, Suite 2500
                                      500 Woodward Avenue
                                      Detroit, Michigan  48226
                                      (313) 961-0200
                                      (313) 961-0388 (Facsimile)
                                      ecutlip@kerr-russel.com
Dated:  June 20, 2016              mpowell@kerr-russell.com
                                      *Attorneys for Defendants Chester Limited*
                                      *Inc. and Chester Limited IV, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPRESSOR ENGINEERING CORPORATION, a Michigan corporation, individually and as the representative of a class of similarly situated persons,

    Plaintiff,

v.

COMFORT CONTROL SUPPLY CO., INC. d/b/a JOHNSTONE SUPPLY, CHESTER LIMITED INC., Michigan corporations, CHESTER LIMITED IV, LLC, a Michigan limited liability company, and JOHN DOES 1-10,

    Defendants.
_____/

Case No. 16-cv-11726

Honorable Nancy G. Edmunds

Magistrate Judge Stephanie Dawkins Davis

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 20th day of June, 2016, I have served a copy of the foregoing upon all counsel of record, via CM/ECF.

    /s/Matthew L. Powell
    Matthew L. Powell (P69186)
Detroit Center, Suite 2500
500 Woodward Avenue
Detroit, Michigan  48226
 (313) 961-0200; (313) 961-0388 (Fax)
mpowell@kerr-russell.com *Attorneys for Defendants Chester Limited Inc. and Chester Limited IV, LLC*

{36660/6/D1061738.DOC;2}