# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| COMPRESSOR ENGINEERING CORPORATION, a Michigan corporation, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 2:16-cv-11726<br>)<br>) |
| v. | ) Hon. Nancy G. Edmunds<br>) |
| COMFORT CONTROL SUPPLY CO., INC. d/b/a JOHNSTONE SUPPLY, CHESTER LIMITED INC., Michigan corporations, CHESTER LIMITED IV, LLC, a Michigan limited liability company, and JOHN DOES 1-10, | ) Magistrate Judge Stephanie Dawkins Davis<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## PLAINTIFF'S REPLY IN SUPPORT OF "PLACEHOLDER" MOTION FOR CLASS CERTIFICATION

Plaintiff, Central Alarm Signal, Inc., states as follows for its reply in support of its "Placeholder" Motion for Class Certification, filed May 16, 2016. (Doc. 8).

Defendants' Opposition brief does not address *Charvat v. Nat'l Holdings Corp.*, No. 2:14-CV-2205, 2015 WL 3407657, at *8 (S.D. Ohio May 26, 2015), which, although holding a "placeholder" motion was unnecessary to prevent a pick-off, also held that "*if* the timing of Plaintiff's motion for class certification is the dispositive factor, the Court notes that such a motion was pending at the time Defendant served the Offer." Nor does it address either of the Sixth Circuit

decisions relied on in Plaintiff's motion, *Brunet v. City of Columbus*, 1 F.3d 390, 400 (6th Cir. 1993), and *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625 (6th Cir. 2005), which together stand for the proposition that a "pending" motion for class certification will preclude a pick-off attempt.

In any case, after Plaintiff filed its motion (but before Defendants' filed their opposition), the Sixth Circuit recognized a broad "picking-off" exception to mootness in the class-action context in *Wilson v. Gordon*, --- F.3d ---, 2016 WL 2957155, at *11 (6th Cir. May 23, 2016). In *Wilson*, "[t]he parties [did] not dispute that all eleven named plaintiffs' individual claims became moot before the district court certified the class" because the defendant had processed their Medicaid applications, which is all the relief the plaintiffs sought. *Id.* at *4. The defendant argued that when the plaintiffs' claims became moot prior to a decision on class certification, the entire case became moot. *Id.*

The Sixth Circuit rejected that argument, applying the reasoning of *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980), that allowing a "buy off" would "frustrate the objectives of class actions" and "invite waste" of judicial resources. *Id.* at *10–11. Instead, the Sixth Circuit held that when the named plaintiffs' individual claims become moot through the defendant's purposive actions prior to class certification, the plaintiffs nevertheless "retain a live interest" in class certification, and "class certification should 'relate back' to the date of the

filing of the complaint." *Id.* at *10. The Sixth Circuit held its ruling was consistent with *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (Jan 20, 2016), which held class defendants cannot moot a plaintiff's individual claim with a settlement offer or offer of judgment on the basis that it would be improper to put defendants "in the driver's seat" on class certification. *Id.* at *12.

Finally, the Sixth Circuit noted with approval that, prior to *Campbell-Ewald*, the Third, Fifth, Ninth, Tenth, and Eleventh Circuits had adopted the same (or at least very similar) "picking-off" exception to mootness in class actions. *Id.* at *11 (citing *Weiss v. Regal Collections*, 385 F.3d 337, 347 (3d Cir. 2004); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1050 (5th Cir. 1981); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011); *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 704–05 (11th Cir. 2014)).

In light of *Wilson*, although Plaintiff still respectfully requests to maintain a placeholder motion on file out of an abundance of caution, the pick-off route is effectively closed to class defendants in the Sixth Circuit, regardless of what mechanism they employ to attempt to "moot" the plaintiff's claim. Thus, in the alternative, Plaintiff requests that if the Court denies the placeholder motion, it do so "without prejudice" to later refiling after the close of class discovery.

Respectfully submitted,

COMPRESSOR ENGINEERING
CORPORATION, a Michigan corporation,
individually and as the representative of a
class of similarly-situated persons

By: s/Brian J. Wanca
    Brian J. Wanca


Brian J. Wanca
Ryan M. Kelly
Ross M. Good
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500
Fax:  847-368-1501


## CERTIFICATE OF SERVICE

    I hereby certify that on June 30, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

        s/ Brian J. Wanca