UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPRESSOR ENGINEERING
CORPORATION, individually and as the
representative of a class of similarly
situated persons,

Case No. 16-11726

Honorable Nancy G. Edmunds

      Plaintiff,

v.

COMFORT CONTROL SUPPLY
COMPANY, INC., et al.,

      Defendants.
_____/

**ORDER DENYING PLAINTIFF'S PLACEHOLDER MOTION FOR CLASS CERTIFICATION [8]**

On May 16, 2016, Compressor Engineering Corporation filed a class action complaint alleging that Defendant Comfort Control Supply Co. and its agents violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 by sending a series of unsolicited facsimiles to Plaintiff and more than 25 other recipients. On the same day, Plaintiff filed a "placeholder" motion for class certification "to protect against any attempt by Defendant to 'pick-off its individual claims in order to 'moot' the case . . . . " (Plf.'s Mot. 4). By Plaintiff's own admission, however, "the pick-off route is effectively closed to class defendants in the Sixth Circuit, regardless of what mechanism they employ to attempt to 'moot' the plaintiff's claim." (Plf.'s Reply 3); *see Wilson v. Gordon*, 822 F.3d 934 (6th Cir. 2016). While it's unclear whether *Wilson* is as broad as Plaintiff asserts, the Supreme Court recently addressed the "picking-off" exception in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666, 193 L. Ed.

2d 571 (2016), effectively obviating the need for a "placeholder" motion in this context.

There, the Court held that "an unaccepted settlement offer [under Rule 68] has no force, . . . ." *Id.* at 666. In other words, a class action does not become moot simply because a defendant attempts to "buy-off" the lead plaintiff by offering complete relief under the operative statute. This is so because a "Rule 68 offer of judgment, once rejected, ha[s] no continuing efficacy. With no settlement offer operative, the parties remain adverse; both retain the same stake in the litigation they had at the outset." *Id.* at 665. For that reason, there is no utility in a "placeholder" motion because class certification relates "back to the date of the filing of the complaint." *Wilson*, 822 F.3d at 948. In light of *Campbell-Ewald* and *Wilson*, the Court is not persuaded that Plaintiff has raised a valid concern under the mootness doctrine. *See Walters v. Drivers Solutions, LLC*, 16-00144, 2016 U.S. LEXIS 9840, *2 (S.D. Ind. Jan 28, 2016) (the plaintiff's "concern that Defendants may moot his action is alleviated by *Campbell-Ewald,* so Walters' motion to suspend briefing . . . is denied.").

Accordingly, the Court must, and does DENY Plaintiff's motion. (Dkt. 8).

SO ORDERED.

             s/Nancy G. Edmunds
             Nancy G. Edmunds
             United States District Judge

Dated: August 29, 2016


I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2016, by electronic and/or ordinary mail.

                    <u>s/Carol J. Bethel</u>
                    Case Manager